By _Juan_ _____ (Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

BANK OF GUAM,                          )        DCA NO. 85-9012
                                       )
          Plaintiff-Appellant,         )        CTC NO. 84-240
                                       )
     vs.                               )
                                       )
RAPHAEL DLG. DEMAPAN, et al.,          )        OPINION
                                       )
          Defendant-Appellees.         )
_____)

Attorney for Appellant:   JOAQUIN C. ARRIOLA
                          Arriola, Cowan & Bordallo.
                          P. O. Box X
                          Agana, Guam  96910

Attorney for Appellees:   MARYBETH HERALD
                          Fitzgerald, Herald & Bergsma
                          P. O. Box 909
                          Saipan, CM  96950

BEFORE: LAURETA, KELLER*, District Judges, and MUNSON**

MUNSON, Judge:

## PROCEDURAL HISTORY

On June 5, 1984, plaintiff-appellant Bank of Guam filed a complaint to foreclose a mortgage on real property. Trial was held April 25, 1986, and a Memorandum Opinion was issued the next day. The Bank appeals the trial court's decision concerning the balance due and the allowable rate of interest.

_____

* The Honorable William D. Keller, United States District Judge, Central District of California, sitting by designation.

** The Honorable Alex R. Munson, Chief Justice, Trust Territory High Court, sitting pursuant to 48 U.S.C. §1694b.

## FACTS

Appellees on June 25, 1982, executed and delivered to appellant a $32,000 promissory note, secured by a mortgage on real property. After default by appellees, appellant sued to recover money damages, for judgment and execution on the real property, and to foreclose appellees' redemption rights.

By the terms of the note appellees were obligated to pay interest at the rate of eighteen percent per year. The trial court ruled that 4 Commonwealth Code (C.M.C.) §5301 allowed plaintiff-appellant to recover only one percent per month interest, with any payment in excess of that figure to be applied directly to principal, as per 4 C.M.C. §5302. From this determination the Bank appealed.

## ISSUES

1. Whether the trial court properly construed 4 C.M.C. §§5301 and 5302 to require that interest paid in excess of one percent per month be credited to the principal balance due.

2. Whether the question of preemption by federal statute of 4 C.M.C §§5301-5303 can be raised for the first time on appeal.

## ANALYSIS

1. Whether the trial court properly construed 4 C.M.C §§5301 and 5302 to require that interest paid in excess of one percent per month be credited to the principal balance due.

985

The trial court expressly recognized that it was faced for the first time with the proper construction to be given 4 C.M.C. §§5301-5303. The usury statutes in the Commonwealth are, in their entirety, as follows:

§5301. Action to Recover Usurious Amounts.

No action shall be maintained in any court of the Commonwealth to recover a higher rate of interest than 2 percent per month on the balance due upon any contract made in the Commonwealth on or after February 15, 1965 involving a principal sum of $300 or less, nor to recover a higher rate of interest than 1 percent per month on the balance due on any such contract involving a principal sum of over $300.

§5302. Crediting of Usurious Interest to Principal.

Payments of money or property made by way of usurious interest, whether made in advance or not, as to the excess of interest above the rate allowed by law at the time of making the contract, shall be taken to be payments made on account of principal, and judgment shall be rendered for no more than the balance found due, after deducting the excess of interest so paid.

§5303. Prohibited Transactions.

Any person who directly or indirectly receives any interest, discount, or consideration for or upon the loan or forebearance to enforce the payment of money, goods and things in action, greater than 2 percent per month shall be guilty of usury, and upon conviction thereof shall be imprisoned for a period of not more than six months, or fined not more than $100, or both.

Appellant has a judgment for $32,000, plus interest at one percent per month from the date of the loan. It here seeks

to retain the interest in excess of the one percent per month allowed by law, which was paid by appellees prior to default. Appellant appears to concede it is entitled only to interest at one percent per month on the still-remaining balance. Appellant argues that §5302 comes into play only if there first is found to be a violation of §5303, which makes it a misdemeanor to charge interest of more than two percent per month. Appellant maintains that §5301 has as its sole intention and effect the prohibiting of use of the courts to collect interest greater than one percent per month. Non-judicial remedies remain available. To accept this argument means the trial court erred in reading §5302 in conjunction with §5301.

The Commonwealth of the Northern Mariana Islands is self-governing. CNMI v. Atalig, 723 F.2d 682, 687 (9th Cir. 1984). The power to enact laws is vested in the CNMI Legislature. Constitution of the Commonwealth of the Northern Mariana Islands, Art. II, §1. The meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it; the sole function of the courts is to enforce it according to its terms. Caminetti v. United States, 242 U.S. 470, 485 (1917). A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning. Perrin v. United States, 444 U.S. 37, 42 (1979). A simple reading of these three

sections, in order, renders appellant's argument extremely difficult to accept. They present a clear, rational, consistent statutory scheme. To reach appellant's conclusion requires reading the statute backwards and combining a clearly penal section, §5303, with an obviously civil one, §5302. Further inquiry is neither necessary nor warranted.

Appellant relies on Kingzio v. Bank of Hawaii, 7 Trust Territory Reports (T.T.R.) 343 (1975), to support its argument that §5301 does not prohibit interest rates in excess of one percent per month, it merely limits recovery at suit. That is, the statute prohibits the court from enforcing contracts for more than the statutory rate. Kingzio interpreted 33 Trust Territory Code §251. (Sections 251, 252, and 253 of the Trust Territory Code have been codified essentially unchanged as 4 C.M.C. §§5301-5303). Appellant's reliance is misplaced. Kingzio involved borrowers who sued their lending bank to recover all interest they had paid on loans, on the ground that the bank's interest rate was usurious. The Kingzio court held that the common law right to sue or recover usurious interest exists only if it is declared illegal to collect excess interest or the statute provides that a contract with a usurious interest rate is void in whole or in part. The common law remedy did not exist because the statute provided that the court could not aid a party's attempt to enforce a contract with an interest rate higher than the legal limits.

///

988

.More important, though, is that the trial court[1] in the instant matter expressly found _Kingzio_ of no assistance because _Kingzio_ dealt with a suit by borrowers seeking to recover all interest paid on usurious contracts. Here, the lender brought suit and borrowers sought a credit only for their interest payments in excess of the one percent per month allowed by law. The _Kingzio_ court interpreted 33 T.T.C. §251 (4 C.M.C. §5301) correctly to preclude recovery of excess interest when a creditor attempts to collect in court.

Appellant's proferred interpretation of these sections is not persuasive.

> 2. Whether the question of preemption by federal statute of 4 C.M.C §§5301-5303 can be raised for the first time on appeal.

Preemption was not raised at trial. Appellant did not concede until oral argument that the factual record from the trial court could not sustain even a preliminary inquiry into the claim of preemption. Accordingly, appellant withdrew this issue from our consideration. Appellees' request for attorney fees will be addressed below.

---

[1] It should be noted that the trial judge here took part in the _Kingzio_ decision while an Associate Justice of the Trust Territory High Court.

For the reasons stated above, the decision of the trial court is AFFIRMED.

Finally, appellees ask for an award of court costs and attorney fees on appeal for defending the preemption issue, which they claim was without merit and the result of which was obvious. Appellate Rule 18 of this Court allows an award of single or double costs in an appeal deemed frivolous. The fact that appellant, at oral argument, withdrew the preemption issue from our consideration is of no consequence to this determination. Appellant's decision does not alter the fact that both appellees and this Court were required to spend time addressing the issue. We are not prevented from considering, in light of Rule 18, whether or not the claim was frivolous. The preemption claim clearly was frivolous. Appellees are awarded court costs and attorney fees on appeal for this issue only. Counsel for appellee shall prepare and submit for consideration an affidavit documenting court costs and attorney fees in regard to this issue.

_____
JUDGE ALEX R. MUNSON

_____
JUDGE ALFRED LAURETA

_____
JUDGE WILLIAM D. KELLER